IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONATO V. ESTRADA,<br><br>             Petitioner,<br><br>     vs.<br><br>J. TIM OCHOA,[1] Warden, Chuckawalla Valley State Prison,<br>             Respondent. | No. 2:06-cv-01764-JKS<br><br>MEMORANDUM DECISION |

Donato Estrada, a California prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Estrada is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Chuckawalla Valley State Prison.  Respondent has answered.  Estrada has not replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

Estrada is currently serving an indeterminate life sentence as a result of his 1984 conviction for second-degree murder with the use of a firearm (Cal. Penal Code §§ 187(a), 12022.5).  Estrada does not contest his conviction or sentence in this proceeding.

On April 22, 2002, Estrada appeared at a parole suitability hearing before the California Board of Prison Terms ("Board"),[2] which denied him parole.  Estrada again appeared before the

---

[1] J. Tim Ochoa, Warden, Chuckawalla Valley State Prison, is substituted for the California Board of Prison Terms and Margarita Perez, Board Chair.  Fed. R. Civ. P. 25(d).

[2] The Court notes that since the Petition was filed in this case, the name of the Board of Prison Terms was changed to Board of Parole Hearings.

Board for a parole suitability hearing on July 26, 2004, and again was denied parole. Estrada filed a state habeas petition in the Fresno County Superior Court on December 9, 2004, which was summarily denied. Estrada's subsequent petition for habeas relief in the California Court of Appeal, Fifth Appellate District, was also summarily denied. Estrada then sought habeas relief in the California Supreme Court, which summarily denied his petition on June 28, 2006, citing *In re Clark*, 855 P.2d 729 (Cal 1993); *In re Dannenberg*, 104 P.3d 783 (Cal. 2005); *In re Rosenkrantz*, 59 P.3d 174 (Cal. 2002); and *In re Duvall*, 886 P.2d 1252 (Cal. 1995). On August 10, 2006, Estrada timely filed his Petition for relief dated July 9, 2006, in this Court.

This Court initially treated the Petition in this case as a successive petition and transferred it to the Court of Appeals for the Ninth Circuit under 28 U.S.C. § 1631 for appropriate action.[3] The Ninth Circuit, finding that the Petition was not a successive petition, reversed and remanded the matter to this Court for further proceedings.[4]

## II.  GROUNDS RAISED

In his Petition, Estrada challenges the 2004 denial of parole on various grounds:[5] (1) the Board's decision is unsupported by some evidence; (2) the Board's failure to set a parole release date in accordance with the regulatory matrix renders Estrada's sentence disproportionate, cruel and unusual; (3) the Board impermissibly relied upon "confidential information"; (4) the Board's denial of subsequent suitability hearing in excess of two years violates the California statute; (5)

---

[3] Docket No. 4.

[4] Docket No. 6.

[5] Although Estrada includes a discussion of the 2002 proceeding in his Petition, the grounds raised are directed to the 2004 proceeding. Because it does not alter the outcome, whether Estrada is challenging both the 2002 and 2004 denials or just the 2004 denial is irrelevant.

2

the Board is partisan and biased; (6) the Board relied on unchanging factors, a due process violation; and (7) the Board relied on false evidence. Respondent does not assert any affirmative defense to the 2004 denial.

### III.  DISCUSSION

To the extent that Estrada raises questions of procedural due process, his arguments are foreclosed by the Supreme Court decision in *Cooke*.[6] California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied. That is all that due process requires.[7] To the extent that Estrada raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.[8] A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[9] "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[10] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[11] "'Federal courts hold no supervisory authority over state

---

[6] *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam).

[7] *Id.* at 862.

[8] *Cooke*, 131 S. Ct. at 863 (holding that it is of no federal concern whether state law was correctly applied).

[9] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[10] *Cooke*, 131 S. Ct. at 863 (internal quotation marks and citations omitted).

[11] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[12] Thus, except for his complaint that the Board is biased, the fifth ground, Estrada's arguments are not reviewable in a federal habeas proceeding.

In his fifth ground, Estrada contends that, by appointing Board members who are predominately ex-police officials and persons who are pro-law enforcement advocates, the Board is partisan and biased against granting parole. In support of his position, Estrada provides the background and qualifications of the Board as it existed at that time, all of which are either current or former law enforcement officers, or associated with law enforcement, or a victim's advocate.

To the extent that Estrada's contentions are based upon the mandates of California law, they are, as discussed above, beyond the purview of this Court.

It is axiomatic that a "fair trial in a fair tribunal is a basic requirement of due process," i.e., an absence of actual bias.[13] This principle applies equally to adjudicative administrative agencies as well.[14] Estrada does not allege that the Board is biased or prejudiced against him personally. Instead, Estrada argues that, because the Board is not representative of a cross-section of the community, it is partisan and, inferentially, biased against granting prisoners parole, an equal protection argument. Treated as such, Estrada's argument fails. Estrada has not cited any case, and independent research by this Court has not found any such case, holding that prisoners are a class protected by the Equal Protection Clause of the Fourteenth Amendment.

---

[12] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[13] *In re Murchison*, 349 U.S. 133, 136 (1955); *Bracey v. Gramley*, 520 U.S. 899, 904-05 (1997).

[14] *Gibson v. Berryhill*, 411 U.S. 564, 579 (1973).

Estrada's claim is one of "institutional bias." To make out a claim of unconstitutional bias, Estrada must "overcome a presumption of honesty and integrity" on the part of the decision-maker.[15] This, Estrada has failed to do.

If this Court accepts Estrada's position in this case, it would in effect break new ground or impose a new obligation on the States, which this Court may not do.[16] Estrada, having failed to present an issue of constitutional dimension, is not entitled to relief under his fifth ground.

## IV.  ORDER

Estrada not being entitled to relief under any ground raised,

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[17] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[18]

The Clerk of the Court is to enter judgment accordingly.

Dated: September 24, 2012.

                /s/ James K. Singleton, Jr.
              JAMES K. SINGLETON, JR.
              United States District Judge

---

[15] *Withrow v. Larkin*, 421 U.S. 35, 46 (1975).

[16] *See Smith v. Mahoney*, 596 F.3d 1133, 1153 (9th Cir. 2010).

[17] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[18] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.